IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | : |
| | : CASE NO: 7:16-cr-35–WLS–TQL |
| LAWRENCE WILLIAM BANKS, JR., | : |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

On June 22, 2022, a petition (Doc. 29) was filed to revoke Defendant Lawrence William Banks, Jr.'s supervised release, and on December 13, 2022, an amended petition (Doc. 38) (together with Doc. 29, the "Petition") was filed. On October 2, 2024, the Court held a final hearing on the Petition. This Order memorializes that hearing.

**I.   BACKGROUND**

On November 9, 2016, a five-count Indictment (Doc. 1) was filed against Defendant, charging him with three counts of possession of Schedule I or II controlled substances with intent to distribute, one count of possession of a firearm by a convicted felon, and one count of possessing a firearm during a drug trafficking crime. On February 9, 2017, Defendant pled guilty to Count V—Possessing A Firearm During and In Relation to A Drug Trafficking Crime. On June 19, 2017, Defendant was sentenced to a 60-month term of imprisonment to be followed by supervised release for a term of 5 years. Judgment on the sentence was entered on June 29, 2017 (Doc. 25). Defendant's supervised release started October 13, 2020.

On June 22, 2022, the U.S. Probation Office petitioned this Court to issue a warrant to revoke Defendant's supervised release (Doc. 29). Defendant was arrested and made his initial appearance on July 14, 2022, and was released pending his final revocation hearing (Doc. 34). An amended petition was filed on December 13, 2022, and a bench warrant was issued that same day. (Docs. 38, 39). The warrant issued on July 14, 2022, was executed on July 17,

2024, when Defendant was arrested via a Writ issued to the Warden of Rogers State Prison in Tattnall County, Georgia. (Docs. 41, 43).

## II.  REVOCATION HEARING AND COURT'S FINDINGS

At the final revocation hearing on October 2, 2024, Defendant acknowledged that he had been served with the Petition for revocation and that he had reviewed it with his attorney. The Court advised Defendant of his rights to a hearing on the allegations, and that at such hearing, the Government would be required to prove the allegations by a preponderance of the evidence; Defendant would be permitted to present evidence in his defense; and Defendant would have the right to testify in his defense if he wanted to do so. Defendant was also advised that he was not required to testify or present a defense at such hearing. Defendant acknowledged he understood his rights. The Court also confirmed that Defendant had received the Revocation Report (Doc. 47) ("Report"), reviewed it with his attorney, and had no objections to the Report. The Petition contains eight violations listed as Violation Numbers 1 through 8 in the Government's Petition (Docs. 64 and 78). The Court reviewed each alleged violation with Defendant, after which Defendant admitted that he committed each of the violations listed. Defendant confirmed that he was not being coerced into waiving his rights to a hearing, and that he wished to admit to the violations.

The Court found that Defendant freely, knowingly, and voluntarily stipulated to the eight violations of supervised release itemized in the Petition (Docs. 29, 38) for purposes of the revocation hearing. As such, the Court found, by a preponderance of the evidence, that Defendant committed the alleged violations of his supervised release, and revoked Defendant's supervised release.[1]

The Court heard from the Government, defense counsel, and Defendant, with respect to sentencing. Based on Defendant's original Criminal History Category of V and Grade A violation in the Petition, the Defendant's U.S. Sentencing Guidelines range is 46 to 57 months. Based on the totality of the circumstances of this case, including the Guideline range and the

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].' This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (alteration in original) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)).

factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of 55 months imprisonment, with no additional term of supervised release to follow.

The Court further found that in considering the totality of the circumstances of this case, that beginning on the date of the revocation hearing, Defendant's sentence in this case is to run concurrent with the sentence imposed on Defendant by the Houston County Superior Court in Case No. 23-CR-59703. In other words, Defendant's sentence will run partially concurrent with the state sentence imposed in Case No. 23-CR-59703. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and protect the public.

### III. CONCLUSION

For the afore-mentioned reasons, the Government's Petition, as amended (Docs. 29, 39) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Lawrence William Banks, Jr. is sentenced to 55 months imprisonment, with no additional term of supervised release to follow. Beginning October 2, 2024, such sentence is to run concurrent with the sentence imposed on Defendant by the Houston County Superior Court in Case No. 23-CR-59703.

**SO ORDERED**, this 9th day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**